UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JUANITA AYERS, | : | |
| Plaintiff, | : | |
| v. | : | File No. 1:07-cv-155-jgm |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

ORDER ON MOTION FOR AWARD OF § 406(b) FEES
(Doc. 24)

Plaintiff Juanita Ayers, through her attorney, has moved for an award of attorney's fees under 42 U.S.C. § 406(b).  (Doc. 24.)  Francis M. Jackson, Esq. seeks $14,144.47 based on a contingent fee agreement.  (Doc. 24 at 1.)  Of that amount, $7,500 would be refunded to Ms. Ayers as previously awarded fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  (Doc. 22.)  For the following reasons, the motion is GRANTED in part.

In determining whether a proposed fee award is reasonable, the Court "considers the deference owed to the plaintiff's fee agreement, the interest in assuring future representation for disability claimants, and whether the requested award would result in a windfall."  Milke v. Astrue, No. 07-cv-6135L, 2012 WL 3686036, at *1 (W.D.N.Y. Aug. 24, 2012) (citing Gishrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  The Commissioner argues that the award constitutes a windfall because Jackson spent only 4.45 hours in federal court, and in any event, such a fee "exceeds the 25 percent statutory limit."  (Doc. 25 at 2.)

"The amount of time expended by counsel is only one of several factors to be considered." Milke, 2012 WL 3686036, at *1.  Others include the degree of success, evidence of the effort required to address arguments involving "real issues of material fact," and "whether the case was handled efficiently due to the attorney's experience in handling social security cases."  Joslyn v.

Barnhart, 389 F. Supp. 2d 454, 456-7 (W.D.N.Y. 2005).  Furthermore, "when conducting a reasonableness analysis, courts may take into account the amount of time and effort the attorney expended at the administrative level."  Id. at 457.

First, I find that although Plaintiff's amount of recovered benefits ($77,820.12) is relatively disproportionate to the time her attorney spent in federal court (4.45 hours), a modified fee award of $13,500 is reasonable based on the above factors.  Milke, 2012 WL 3686036, at *1; see Silliman v. Barnhart, 421 F. Supp. 2d 625, 626 (W.D.N.Y. 2006).  Undertaking the risk inherent in bringing a contingent fee case that he might receive nothing at all, Jackson efficiently represented Ms. Ayers and achieved a successful outcome after several years of preparation, hearings, and appeals.  See Joslyn, 389 F. Supp. 2d at 457.  Second, I find that this award does not exceed the 25 percent statutory limit under § 406(b).  See, e.g., Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 936-37 (10th Cir. 2008).

## CONCLUSION

Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED in part.  It is hereby ORDERED that attorney's fees in the amount of $13,500 be made payable to Francis M. Jackson, Esq.

It is further ORDERED that Plaintiff's counsel remit to Plaintiff the amount of $7,500, representing attorney's fees previously awarded to him under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of October, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge